Case 1:25-mj-00141-GMH    Document 1-1    Filed 08/

Case: 1:25-mj-00141
Assigned To : Harvey, G, Michael
Assign. Date : 8/14/2025
Description: COMPLAINT W/ARREST WARRANT

## STATEMENT OF FACTS

On August 8, 2025, at approximately 0305 hours, members of the United States Park Police, Alcohol, Tobacco, and Firearms (ATF), and Enforcement and Removal Operations (ERO), in conjunction with the Executive Order 14252 Task Force, were patrolling the area of Georgia Ave NW, Washington, D.C., to enforce local narcotics laws. This area is known to Task Force members as an open-air drug market, where numerous individuals are known to sell and use illegal narcotics.

During the patrol, Detective Sergeant Giblin ("D/Sgt. Giblin"), ATF Special Agent Khoury (SA Khoury), and ERO Officer Kovacic observed a grey Nissan Altima traveling Northbound Georgia Ave and take a left onto Kenyon St NW, the vehicle then turned left onto Sherman Street NW without using a turn signal. The officers also observed that the vehicle's license plate was unreadable, appearing to have been sprayed with a reflective coating commonly used to obscure plates from traffic enforcement cameras in the District of Columbia. D/Sgt. Giblin conducted a traffic stop on the vehicle at 2900 Sherman Street NW and approached it, identifying the license plate as a Wisconsin tag bearing WH2271H.

Upon approaching the driver's side window, D/Sgt. Giblin immediately detected the odor of burnt marijuana emanating from inside the vehicle. He made contact with the driver and sole occupant, identified via a D.C. driver's license (9577387) as the Defendant, Anthony Leonard GRANT. D/Sgt. Giblin asked GRANT if there was anything in the vehicle that he should be aware of, such as weapons or drugs. GRANT replied, "No." When asked about the odor of marijuana, GRANT stated that he had just gotten off work and had smoked some marijuana.

D/Sgt. Giblin asked GRANT to step out of the vehicle to continue the investigation. Upon doing so and moving GRANT to the rear of the vehicle, D/Sgt. Giblin still smelled marijuana, this time emanating from GRANT's person. D/Sgt. Giblin and SA Khoury then conducted a search of the vehicle. During the search, they located a black and silver Smith & Wesson 9mm handgun bearing serial number PDB3549, loaded with 15 rounds in the magazine, inside a duffle bag in the trunk. Also found in the duffle bag were male clothing items appearing to match GRANT's size, and a clear plastic bag containing multiple smaller baggies filled with white and brown rock-like substances.

SA Khoury inspected the firearm and observed that the firearm appeared to be fully functional, designed to expel a projectile by the action of explosive, has a barrel length of less than 12 inches, and can be fired by the use of a single hand.

A police records check of GRANT revealed he did not have a license to carry a concealed weapon in the District of Columbia as required by law. GRANT also did not have a firearm registered as required by law. Further investigation showed the firearm had been reported stolen out of Prince George's County on January 21, 2025.

Your affiant is aware there are no firearm, or ammunition manufactures in the District of Columbia, and therefore, the firearm and ammunition would have necessarily traveled in interstate commerce.

A criminal history check revealed that GRANT had been convicted:

- In Washington, DC Superior Court case number 2015-CF2-007105 of Attempted Possession with Intent to Distribute a Controlled Substance (Heroin) and sentenced to 24 months incarceration, 12 months suspended, and 3 years of supervised release;
- In Washington, DC Superior Court case number 2011-CF2-020216 of Unlawful Possession of a Firearm (Prior Conviction) and Committing an Offense During Release and sentenced to 40 months incarceration and 3 years of supervised release;
- In Prince George's County, Maryland Circuit Court case number CT111012A of Possession of a Controlled Dangerous Substance and Possession of a Regulated Firearm, and sentenced to 1 year confinement and 2 years unsupervised probation (Possession of a Controlled Dangerous Substance), and 18 months confinement (Possession of a Regulated Firearm);
- In Washington, DC Superior Court case number 2005-FEL-007434 of Attempted Possession with Intent To Distribute a Controlled Substance (Cocaine), Attempted Carrying a Pistol Without a License Outside the Home or Business, Possession of an Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device, and Unlawful Possession of Ammunition, and sentenced to 15 months incarceration and 5 years supervised release (Attempted Possession with Intent To Distribute a Controlled Substance (Cocaine)), 90 days incarceration (Attempted Carrying a Pistol Without a License Outside the Home or Business), 6 months (Possession of an Unregistered Firearm/Unlawful Possession of a Firearm or Destructive Device), and 6 months (Unlawful Possession of Ammunition);
- In Washington, DC Superior Court case number 2002-FEL-005105 of Attempted Distribution of Cocaine and sentenced to 360 days incarceration.

Accordingly, GRANT would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was possessing the firearm and ammunition.

During a search incident to arrest, D/Sgt. Giblin detected an object that did not feel natural in GRANT's groin area. When questioned, GRANT refused to say what the object was. A subsequent search revealed a clear plastic baggie containing a white and brown rock-like substance. Inside this larger bag were multiple smaller baggies containing a similar substance. The substances were field tested and returned positive results for cocaine. The total quantity recovered was 143.5 grams, with an estimated street value of $14,500. Also recovered from GRANT's right front pocket was $901 in US currency with various denominations.

Based on D/Sgt. Giblin's training and experience, the quantity, packaging, and variety of U.S. currency denominations found on GRANT were consistent with possession with intent to distribute rather than simple possession.

As such, your affiant submits that probable cause exists to charge Anthony GRANT with a violation of 18 U.S.C. § 922(g)(1) **(Unlawful Possession of a Firearm and Ammunition By A Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year)** and 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) **(Unlawul Possession With Intent to Distribute 28 Grams or More of a Mixture of Substance Which Contains Cocaine Base).**

Respectfully Submitted,



Detective Sergeant Christopher Giblin
United States Park Police

Subscribed and sworn pursuant to Fed. R. Crim. P. 4.1 and 41(d)(3) on August 14, 2025.

_____
UNITED STATES MAGISTRATE JUDGE
G. MICHAEL HARVEY